USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1377 UNITED STATES, Appellee, v. SAMUEL JORDAN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ____________________ Diana L. Maldonado on brief for appellant. Donald  K.  Stern, United States Attorney, and Ben  T.  Clements, Assistant United States Attorney, on brief for appellee. ____________________ July 31, 1997 ____________________ Per  Curiam. Appellant, Samuel Jordan, appeals his conviction after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. S922(g)(1). He argues that the district court committed prejudicial error in admitting certain evidence of prior bad acts, in violation of Fed. R. Evid. 403 and 404(b). "Determining the admissibility of evidence of other (uncharged) bad acts requires a bifurcated inquiry. First, the district court must be satisfied that the proffered material has 'special' probative value, that is, that the evidence is relevant not to show a defendant's propensity toward evil, but to prove some controverted issue in the case. . . . Once shown to be relevant in the requisite sense, the evidence must pass still another sentry, embodied in Fed. R. Evid. 403. If the evidence brings unwanted baggage, say, unfair prejudice or a cognizable risk of confusing the jury, and if the baggage's weight substantially overbalances any probative value, then the evidence must be excluded." United  States v. Rodriguez- Estrada, 877 F.2d 153, 155 (1st Cir. 1989). This court has "consistently recognized . . . that the district courts have broad discretion as to discerning the relevancy  vel  non of evidence, and as to gauging the probative value versus prejudicial impact calculus." United  States v. Tierney, 760 F.2d 382, 387 (1st Cir. 1985). "Only rarely -- and in extraordinarily compelling circumstances -- will [this -2- court], from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the . . . weighing of probative value and unfair effect." Freeman v. Package Machinery Co., 865 F.2d 1331, 1340 (1st Cir. 1988). 1.  Testimony About Jordan's Gun Possession in March 1994. The first error alleged by Jordan is the district court's admission of FBI Agent Barry O'Neill's testimony that in the context of a conversation with Jordan in February 1995, concerning a bank robbery that took place in March 1994, Jordan stated that "Guns is my trade" and that in March 1994, he "had a whole bag full of guns," most of which were semi-automatics. Based upon our review of the record, including the trial transcript, we agree with the district court that Jordan's possession of other semi-automatic guns in March 1994, is of special relevance to a material issue raised by this case: whether he possessed the semiautomatic gun seized from the scene of the crime on March 5, 1994. See United  States v. Rose, 104 F.3d 1408, 1413 (1st Cir.),  cert. denied __ S.Ct. __, 1997 WL 251219, 65 USLW 3798 (1997) (reasoning that "[i]tems linking Rose to pistols tended to corroborate [government witness'] testimony that Rose was a participant in the conspiracy and had possessed the [pistol in question]"). Although the evidence is undeniably prejudicial, the district court did not abuse its discretion in gauging that the prejudicial impact of the evidence, which was reduced by the -3- court's limiting instructions, did not outweigh its probative value. "[I]t must be remembered that the trial judge is Johnny-on-the-spot; he has savored the full taste of the fray, and his considerable discretion must be respected so long as he does not stray entirely beyond the pale."  Tierney, 760 F.2d at 388. 2. Testimony  that  Jordan  Made  Statements  While  Being Questioned  About  His  Involvement  in  a  Bank  Robbery  that Occurred in March 1994. The district court's determination that this evidence was relevant because it provided a context for Jordan's statements regarding his possession of semi-automatic guns in March 1994, was not an abuse of discretion. See United  States v. Davis, 792 F.2d 1299, 1306 (5th Cir. 1986) (upholding admission of evidence that investigation of defendant initiated with a search for a machine gun as "particularly relevant as placing in context" and making more believable defendant's statements that other guns that he was charged with possessing belonged to him). Nor did the district court err in calculating that the prejudicial impact of the "context" evidence did not outweigh its probative value. While testimony linking Jordan to a bank robbery has significant potential for prejudicial impact, that potential was defused in several ways. First, the government's line of questioning was narrowly tailored to minimize the risk -4- of improper inferences. Second, the court's limiting instructions, given directly after the testimony, further minimized the risk of unfair prejudice. 3. Testimony  About  Jordan's  Statement  that  the  Gun  was Stolen. The district court admitted this evidence on the ground that it was relevant to proof of the knowledge element of the charged offense. Jordan argues that knowledge was not a controverted issue in this case. We need not resolve that question. Even if we assume (without deciding) that this evidence should not have been admitted under Fed. R. Evid. 403(b), any error was harmless. Based upon our careful review of the record, "it is highly probable that the error [,if any,] did not contribute to the verdict." Rose, 104 F.3d at 1414. Appellant's conviction is affirmed. See Loc. R. 27.1. -5-